**Billy E. DELOZIER and Joe D. Ogle, Plaintiffs,**

v.

**FIRST NATIONAL BANK OF GATLINBURG, et al., Defendants.**

Civ. No. 3–85–674.

United States District Court, E.D. Tennessee, N.D.

Jan. 14, 1986.

W. Joe Mize, Scott J. Pias, Camp, Carmouche, Barsh, Hunter, Gray, Hoffman & Gill, Lake Charles, La., Jerry K. Galyon, Galyon & Stokes, Sevierville, Tenn., for plaintiffs.

Charles D. Susano, Jr., Bernstein, Susano, Stair & Cohen, Knoxville, Tenn., for Darrell Huffaker.

W.W. Davis, Jr., Donald F. Paine, Knoxville, Tenn., for First National Bank of Gatlinburg, Tom McNerney, Muncy Houser, B.E. Maples, Bill McGill, Charles Earl Ogle, Sr., Bruce Whaley, Dick Whaley and Wallace Zoder.

## MEMORANDUM AND ORDER

ROBERT P. MURRIAN, United States Magistrate.

This matter has been referred to the undersigned United States Magistrate pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for disposition of the plaintiffs' Motion to Compel and For Sanctions [Court File No. 36]; and motions of the defendant, First National Bank of Gatlinburg, for sanctions [Court File No. 48] and for a protective order [Doc. 50]. Rule 72(a), Federal Rules of Civil Procedure.

This is an action under the Racketeer Influenced and Corrupt Organizations Act ["RICO"], 18 U.S.C. §§ 1961, 1964(c), in which the plaintiffs allege that the defendants devised a scheme to defraud them out of their security interest in the funds attributable to the sale of certain time share units [See Memorandum Opinion of October 10, 1985, Court File No. 24]. One week following the filing of this complaint, the plaintiffs requested that the defendant, First National Bank of Gatlinburg (FNBG), produce certain documents or things for inspection and copying [Court File No. 2]. The FNBG timely filed objections thereto based upon various provisions of Tennessee's *Financial Records Privacy Act,* Tenn.Code Ann. § 45–10–101, *et seq.* The record reflects that in attempting to comply with the Act, the plaintiffs then served subpoenas on the various parties whose bank records were being sought, and that no objections to these subpoenas were filed [Court File Nos. 27, 29, 33, 34]. Discovery depositions of a number of defendants, including those of employees of defendant FNBG, were then scheduled and taken November 20–23, 1985.

I. *Plaintiffs' Motion to Compel and For Sanctions, and Defendant FNBG's Motion For Protective Order*

■ To begin with, it is noted that the defendant, FNBG, objects to consideration of plaintiffs' motion because of plaintiffs' failure to file affidavits in support of the

factual allegations contained in the motion in accordance with the provisions of Local Rule 12(a).[1] However, the motion has been signed by counsel, and the facts alleged therein are facts of which he would have first hand knowledge. Rule 11, Federal Rules of Civil Procedure provides, in pertinent part, that "The signature by an attorney ... constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ...." It is therefore the opinion of the undersigned that the factual allegations contained in the motion may be considered.

The thrust of plaintiffs' motion is that they have complied with the provisions of the Financial Records Privacy Act, but that because of the defendant FNBG's failure to make available all of the subpoenaed records at the scheduled depositions in November, their ability to depose the witnesses was impaired, and that this resulted in their being ineffective in discovery; that plaintiffs' attorneys who live and practice in Louisiana incurred considerable expense in attending the November depositions [$1380.83 in travel expense and $3,000.00 additional attorneys fees—per affidavit of plaintiffs' attorney, Scott Pias, Court File No. 44]. In response, the defendant FNBG contends that it has attempted in good faith to comply with the discovery requests and has produced all the requested documents (at considerable expense) except those protected by the Tennessee Financial Records Privacy Act; that some misunderstanding between the defendant and its counsel resulted in its failure to produce the excepted documents.

The defendant contends that the plaintiffs have not fully complied with the Tennessee Act and ask for a Protective Order requiring the plaintiffs to post a bond for costs incident to the subpoenas pursuant to Tenn.Code Ann. § 45–10–108. It also asks

that it be protected from undue burden or expense resulting from the production of the requested documents. The defendant contends that plaintiffs have refused to reimburse it for the costs incurred to date for the production of the documents which are kept on microfilm and costly to reproduce in readable form. *See* Rule 34, Federal Rules of Civil Procedure. The defendant also requests protection prohibiting disclosure of information relating to accounts of its banking customers to third parties.

■ It appears that much of the controversy stems from the defendant FNBG's reliance on the aforementioned Tennessee Financial Records Privacy Act, Tenn.Code Ann. § 45–10–101, *et seq.* It is the opinion of the undersigned that this reliance is misplaced. The Act in essence creates a limited statutory privilege for bankers. Were this a case based on diversity jurisdiction, 28 U.S.C. § 1332, the evidentiary privileges of witnesses and parties would be determined in accordance with State law. *See* Rule 501, Federal Rules of Evidence. However, in view of the fact that this case is filed pursuant to 18 U.S.C. § 1961, *et seq.*, and is one of federal question jurisdiction, 28 U.S.C. § 1331, Rule 501 specifies that

> the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the Courts of the United States in the light of reason and experience.

A banker-depositor privilege was not recognized at common law, *see Limburg, The Bankers and Brokers Privilege*, 25 Col.L. Rev. 152 (1925), and as the federal courts have stated, such a banker-depositor privilege does not exist in the Federal courts. *United States v. Prevatt*, 526 F.2d 400, 402 (5th Cir.1976); *Harris v. United States*, 413 F.2d 316, 317 (9th Cir.1969); *Stark v.*

---

1. Rule 12(a), Revised Rules of the United States District Court for the Eastern District of Tennessee provides that

(a) Counsel shall submit with all written motions a brief with authorities, and where allegations of fact are relied upon, affidavits in support thereof.

*Connally,* 347 F.Supp. 1242, 1248 (N.D.Cal. 1972), *modified on other grounds,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974). *Rosenblatt v. Northwest Airlines, Inc.,* 54 F.R.D. 21 (S.D.N.Y.1971); *Societe Internationale v. McGranery,* 111 F.Supp. 435, 443 (D.D.C.1953).

It is accordingly the opinion of the undersigned that that part of the plaintiff's motion to compel the defendant, FNBG, to permit the plaintiffs to inspect the designated records and documents should be granted.

The defendant FNBG is accordingly ORDERED to comply with the plaintiffs' request for inspection and produce the requested records in accordance with Rule 34, Federal Rules of Civil Procedure, within twenty (20) days of entry hereof or within such further period of time as the parties may agree upon.

■ The crux of much of the discovery controversy which has ensued in this case stems from the parties' inability to resolve the matter of how the costs of producing the requested records and documents are to be borne. The defendant FNBG moves for an order protecting it from the "undue burden or expense" resulting from the production of the requested material. Thomas McNerney, defendant and President of FNBG, asserts in his affidavit [Court File No. 46] that most of the requested documents "are on microfilm and not readable unless photo-copied by special equipment." This statement suggests that the requested documents are not readable at all by anyone unless photocopied. It is difficult for the undersigned to understand how a bank could have a record-keeping system such that it cannot read its own records without having to go to the time and expense of photocopying them off the microfilm. However, if that is the system which it uses, then it will have to bear the expense of producing the documents for inspection. "The mere fact that compliance with an inspection order will cause labor and expense or even considerable hardship ... [on] the party from whom discovery is sought does not of itself require denial of the motion." Wright & Miller, *Federal Practice and Procedure: Civil* § 2214, p. 647 (1970). *See also United States v. American Optical Co.,* 39 F.R.D. 580 (N.D. Cal.1966); *accord, Rockaway Pix Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc.,* 36 F.R.D. 15 (E.D.N.Y.1964); *Michel v. Meier,* 8 F.R.D. 464 (D.Pa.1948).

■ A court will not shift the burden of discovery onto the discovering party where the costliness of the discovery procedure involved is entirely a product of the defendant's record-keeping scheme over which the plaintiff has no control. *See Kozlowski v. Sears Roebuck & Co.,* 73 F.R.D. 73 (D. Mass.1976).

■ If, however, the microfilm records are themselves readable, the defendant FNBG may comply with this order by providing the plaintiffs with the place and means to inspect the microfilm documents and records. Rule 34, Federal Rules of Civil Procedure, only requires the party producing the records for inspection to "produce them as they are kept in the usual course of business or to organize and label them to correspond with the categories in the request." If inspection of (readable) microfilm is the course pursued by the parties hereto, and if after such inspection the plaintiffs desire that portions be photocopied, then such expense will be borne by the plaintiffs. It is well settled that a district court may order that a party seeking discovery pay a portion of the expense incurred in obtaining discoverable materials. *See, e.g., American Standard, Inc. v. Bendix Corp.,* 71 F.R.D. 443, 448 (W.D.Mo.1976); Wright & Miller, *Federal Practice and Procedure: Civil* § 2038, p. 277 (1970).

The plaintiffs also ask that they be relieved from paying the invoice in the amount of $555.75 presented to them by FNBG at the conclusion of the depositions on November 22, 1985, for expenses incurred thus far in copying the requested documents. [The invoice indicates charges of 24.5 hours @ $10.00 for research time and 1243 pages at 25¢ per page.] The

research time will be borne by the defendant, FNBG. *See Federal Sav. & Loan Ins. Corp. v. Krueger,* 55 F.R.D. 512 (N.D.Ill. 1972). (Defendants would be required to comply with the plaintiffs' request for production of checks, bank statements and deposit slips where no question of confidentiality, privilege or immunity is involved.) If the bank's record keeping is such that the only way readable documents may be presented to plaintiff for inspection is through photocopying of the microfilm, then the bank will bear the expense of the copying as well. Otherwise, the plaintiffs will pay the $310.75 photocopying costs.

## II. *Sanctions*

The plaintiffs request sanctions against the defendant FNBG for its failure to make the subpoenaed documents available at the time of the taking of the depositions with their resulting ineffectiveness in discovery.

■ Rule 37(a)(4), Federal Rules of Civil Procedure, provides for appropriate sanctions in the nature of reasonable expenses and fees incurred in obtaining an order compelling discovery, unless the court finds that opposition to the motion was substantially justified or other circumstances which would make an award of expenses unjust. The defendant, FNBG, has based its objection to plaintiffs' request for production of the documents upon what it perceived to be the plaintiffs' failure to abide by applicable provisions of Tennessee's Financial Records Privacy Act. Given these circumstances, coupled with the fact that it advised the plaintiffs prior to the taking of the depositions that all records requested had not been copied, it cannot be said that the defendant FNBG lacked substantial justification in its opposition to the request. It therefore appears that sanctions in the nature of fees and expenses against FNBG are not appropriate at this time.

The defendant, FNBG, similarly has moved for sanctions in the nature of expenses and attorney's fees incurred in responding to plaintiffs' motion to compel. In its brief and affidavits, the defendant asserts that the plaintiffs were unjustified in presenting the motion to compel as it has continued to prepare the documents for inspection, made continuing offers to produce them, and advised plaintiffs' counsel that production would be made without the necessity of a hearing on the motion. The defendant also contends it is entitled to sanctions by reason of the plaintiffs' failure to attend a deposition after giving notice thereof.

■ Insofar as the request for sanctions pursuant to Rule 37 is concerned, in view of the fact plaintiffs were presented the invoice for the costs of producing some of the documents and were advised no others would be forthcoming unless plaintiffs bore the cost of producing same, it cannot be said that the plaintiffs lacked substantial justification in filing the motion. The attorney for defendant FNBG also alleges in his affidavit that he was served by plaintiffs' counsel with notice of the taking of the deposition of defendant Arthur Skula; that he expended considerable time as well as travel expenses in preparing for same; that when he arrived at the office of plaintiffs' local counsel in Sevierville, he was advised that Mr. Skula would not appear and that through some oversight he had not been notified earlier. From the copy of the letter from plaintiffs' attorney to defendant's attorney, attached to his affidavit, it appears that plaintiffs' attorneys were unable to contact Mr. Skula to confirm his presence for discovery. The plaintiffs have not responded to this motion of defendant FNBG. The undersigned agrees with defendant's contention that under Rule 30(g), Federal Rules of Civil Procedure, the defendant is entitled to be reimbursed for expenses incurred here. From the itemization attached to the attorney's affidavit, it appears 7.5 hours work in preparation and driving time are involved, at $85.00 per hour, which the undersigned deems to be reasonable.

It is therefore ORDERED that defendant FNBG have and recover of the plaintiffs the sum of $637.50 as reasonable expenses and attorneys' fees for failure to

attend the noticed deposition. Rule 30(g), Federal Rules of Civil Procedure.

The motion of defendant FNBG for sanctions in all other respects is DENIED. Rule 72(a), *supra.*

The plaintiffs and FNBG shall endeavor in good faith to agree upon a protective order which will protect the privacy rights of bank customers from disclosure to anyone not immediately involved in this litigation. If the parties cannot agree on such a protective order within 10 days of entry hereof, they should seek relief from the undersigned. There is good cause to enter such an order and I am of the opinion that the parties should be able to agree on an appropriate order without judicial intervention.