### 3. *Whether Genuine Issues of Material Fact Remain*

Summary judgment is appropriate if the pleadings and supporting materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

No genuine issues of material fact remain to preclude summary judgment in favor of the trustee. It is undisputed that Okamoto did not receive prior court approval for the services she rendered to THCF. No facts demonstrate that her services benefited the estate to justify an award of fees. None of the contentions in Okamoto's brief rise to the level of a genuine issue as to any material fact.

### CONCLUSION

Upon de novo review, the district court's grant of summary judgment in favor of the trustee is affirmed.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter Wando CHA,
Defendant–Appellant.**

No. 87–5178.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1987.

Decided Jan. 19, 1988.

Jerry L. Newton, Newton & Newton, Hermosa Beach, Cal., for defendant-appellant.

Carolyn Turchin, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, PREGERSON and BOOCHEVER, Circuit Judges.

PREGERSON, Circuit Judge:

Appellant pled guilty to two counts of violating 18 U.S.C. § 922(m) (1982), causing false entries in firearms records. As part of the sentence, the court imposed a fine of $15,000 for each count. Appellant contends that the $30,000 in fines imposed by the district court constituted an illegal sentence because the Firearms Owners' Protection Act provides for a maximum fine of $1,000 per count. We affirm.

## BACKGROUND

Appellant was indicted on August 12, 1986 for participating in "straw purchaser" sales of firearms to persons who were not properly identified as the transferees on federal firearms records, in violation of 18 U.S.C. § 922(m). Contrary to law, Cha sold firearms to an undercover agent who was posing as an illegal alien. The agent represented to Cha that he was a killer for hire who wanted to smuggle firearms to Mexico.

On December 5, 1986, appellant pled guilty to two counts of violating section 922(m). Prior to the time appellant entered his guilty pleas, the court ruled that the alleged violations of this section would be treated as misdemeanors, pursuant to the Firearms Owners' Protection Act of 1986, 18 U.S.C. §§ 921, 922–926, 929 (Supp. IV 1986), which became effective November 19, 1986. At the time of his guilty plea, appellant was advised that he was subject to a maximum possible fine of $25,000 per count.

On January 6, 1986, the court sentenced appellant to 161 days on one count, five years probation on the other, and imposed a fine of $15,000 per count. On May 5, 1987, Cha filed a motion under Fed.R.Crim. P. 35(a) challenging the legality of the fine imposed. The court denied the motion, ruling that the 1984 Crime Control Act, 18 U.S.C. § 3623 (Supp. IV 1986), authorized the increased fines. We affirm.

## STANDARD OF REVIEW

We review purely legal questions de novo. *Trustees of Amalgamated Ins.*

*Fund v. Geltman Industries, Inc.*, 784 F.2d 926, 929 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986).

## DISCUSSION

18 U.S.C. § 924(a)(2)(B) provides that "any licensed dealer ... who knowingly ... violates subsection (m) of section 922, shall be fined not more than $1,000, imprisoned not more than one year, or both...." Appellant argues that the $30,000 in fines imposed by the district court for two counts of violating 18 U.S.C. § 922(m) are illegal sentences because they exceed the maximum set forth in section 924(a)(2)(B). The government argues that 18 U.S.C. § 3623 authorizes the enhanced fine.[1] Section 3623, "Alternative Fines," states that "an individual convicted of an offense may be fined not more than the greater of—(1) the amount specified in the law setting forth the offense ... [or] (5) in the case of a misdemeanor punishable by imprisonment for more than six months, $100,000." We must decide which of the fine provisions controls in this case.

█ In construing statutes, our goal is to " 'ascertain the congressional intent and to give effect to legislative will.' ... This intent may be ascertained from the plain language of the statute, or it may be necessary to look to the legislative history for guidance." *In re Cecchini*, 780 F.2d 1440, 1442 (9th Cir.1986) (citations omitted). A statute's title may also aid in construing any ambiguities in the statute. *Russ v. Wilkins*, 624 F.2d 914, 922 (9th Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1976, 68 L.Ed.2d 296 (1981).

█ Both the plain meaning of the statutory language and the title of section 3623 support its application to this case. Section 3623 is entitled "Alternative Fines," suggesting that the district court may rely on its provisions to enhance fines. The district court need not be limited by fine provisions set forth in the statute governing the substantive offense. Section 3623 does not ignore the substantive offense, but rather expressly provides that the court may impose a fine in the amount specified in the language of the substantive offense or, in the case of misdemeanors punishable by imprisonment for more than six months, $100,000, whichever is greater. Section 3623 thus clearly serves as an alternative to the fine limits set by the statute establishing the substantive offense, in this case, section 924(a)(2)(B).

The legislative history further supports this interpretation. The House Report on the Criminal Enforcement Act of 1984, which includes section 3623, stated that one of its purposes is to "make criminal fines more severe and thereby to encourage their more frequent use as an alternative to, or in addition to, imprisonment...." 1984 *U.S. Code Cong. & Ad.News* 5433. Congress also noted that "the maximum fines of present laws—except for some of the recently enacted ones and some of the regulatory offenses—are too low to constitute a significant punishments [sic] for the offense involved." *Id.* at 5448–49.

Appellant argues, nonetheless, that because Congress passed the Firearms Owners' Protection Act (section 924(a)(2)(B)) *after* section 3623, that Congress must have intended the provisions of section 924 to govern. At the least, Cha argues, this timing raises an ambiguity in the statute. However, Congress' failure to address the interplay of section 924(a)(2)(B) and section 3623 when it passed section 924 does not establish any ambiguity. As we stated regarding an analogous question of statutory construction:

Petitioners read this silence as an "ambiguity" over whether Congress intended to authorize multiple punishment. Peti-

---

1. Appellant has framed the issue as whether section 924(a)(2)(B) or 18 U.S.C. *§ 3571* (Supp. IV 1986), controls the fine in this case. Section 3571 authorizes fines for misdemeanors not resulting in loss of life up to $25,000. 18 U.S.C. § 3571(b)(1)(B). Cha argues that any fine enhancement would have to derive from section 3571 because that statute was cited to him at the time his plea was taken. Nothing in the record before us supports Cha's contention. In fact, at the sentencing hearing, the prosecutor sought a $25,000 fine for each count based expressly on section 3623, and even went so far as to correct the defense attorney when he cited section 3571.

tioners, however, read much into nothing. Congress cannot be expected to specifically address each issue of statutory construction which might arise.... [I]f anything is to be assumed from Congressional silence on this point, it is that Congress was aware of the *Blockburger* rule and legislated with it in mind.

*United States v. Gann,* 732 F.2d 714, 719 (9th Cir.), (*quoting Albernaz v. United States,* 450 U.S. 333, 340–42, 101 S.Ct. 1137, 1143–44, 67 L.Ed.2d 275 (1981)), *cert. denied,* 469 U.S. 1034, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984). Similarly, Congress could have been fully mindful of the availability of the alternative fine under section 3623 when it set the maximum fine under section 924(a)(1)(B) at the sum of $1,000 per count.

Appellant argues, though, that allowing fine enhancement violates the legislative intent behind section 924(a)(2)(B). As appellant points out, Congress did pass the Firearms Owners' Protection Act in part "to relieve the nation's sportsmen and firearms users and dealers from unnecessary burdens," by reducing penalties for technical and record-keeping violations. 1986 *U.S.Cong. & Ad.News.* 1327. However, permitting enhanced fines under section 3623 does not contravene this purpose. Section 924 reduces the status of record-keeping violations from felony to misdemeanor and decreases the possible prison sentence drastically—from five years to one. *See* 18 U.S.C. § 924(a) (1982), *amended by,* § 924(a)(2) (Supp. IV 1986). Allowing imposition of an increased fine for a violation of section 922(m) by reference to section 3623 would in no way alter the effect of these amendments, and cannot be said to defeat Congress' intent to reduce penalties for these crimes.

### CONCLUSION

Section 3623 unambiguously allows for imposition of fines up to $100,000 for misdemeanors which are punishable by more than six months imprisonment as an *alternative* to the fine provisions specified in the law setting forth the substantive offense. The district court's imposition of

$30,000 in fines on Cha for his conviction on two counts of violating 18 U.S.C. § 922(m), pursuant to section 3623, is

AFFIRMED.