## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

### v.

### Leonard TUCKER, et al., Defendants.

### No. 89–6974–CIV–JAG.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Feb. 2, 1990.

Alain Leibman, Office of the U.S. Atty., D.N.J., for moving intervenor.

Anthony A. Rolle, Charles Harper, Willima Hicks, Howard Dargan, S.E.C., Miami, Fla., for plaintiff.

Mark C. Perry, Ft. Lauderdale, Fla., for defendant Leonard M. Tucker.

Robert Tucker, Law Offices of Slotnick and Tucker, New York City, for Leonard M. Tucker.

John S. Siffert, Lankler, Siffert & Wohl, New York City, for Sheldon G. Kanoff.

Gerard S. Citera, Wilmer, Cutler & Pickering, Washington, D.C., for Robert W. Humphrey.

Barry A. Weinstein, Goldstein, Weinstein & Fuld, Bronx, N.Y., for Brett A. Bernstein.

Burton H. Finkelstein, Finkelstein, Thompson & Lewis, Washington, D.C., for Elliott L. Bellen.

Randal C. Forman, Boca Raton, Fla., Marc S. Nurik, Nurik & Kyle, P.A., Miami, Fla., for Gary Ira Tucker.

Leonard H. Bloom, Nortman & Bloom, P.A., Miami, Fla., for Glenn Siesser.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of the Office of the United States Attorney for the District of New Jersey to intervene in this action and to stay all discovery. Leonard Tucker, the lead defendant in this case, has noticed the depositions of the other defendants. The court has heard oral argument by able counsel for the defendants and the Securities and Exchange Commission (SEC) on January 26, 1990 on a similar motion made by the plaintiff. The defendant Robert Humphrey has also moved for a protective order to prevent the taking of his deposition prior to this court's disposition of the United States' present motion.

The United States does not wish to participate in these proceedings except for the limited purpose of preventing the defendants from taking discovery. Indeed, the government's interests are already represented by the SEC, which brought this action in the first instance.

The U.S. Attorney seeks, in effect, a protective order preventing the defendants in this civil action from using normal discovery procedures because of the *possible* impact upon grand jury investigations of some or all of the defendants in New Jersey.

Federal Rule of Civil Procedure 26(c) provides:

> Upon motion by a *party or by the person from whom discovery is sought,* and for *good cause* shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... (emphasis added).

Hence, because the defendants do not seek any discovery from the U.S. Attorney or about any of the grand jury proceedings, the movant only has standing to seek a protective order if it is a "party".

The United States Attorney seeks to intervene in this action pursuant to Federal Rule 24(b). This rule pertaining to nonmandatory intervention provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

If granted leave to intervene, the United States would have standing to move for a protective order as a party to this action. However, there is no sufficient nexus to allow the government to intervene here. The movant does not rely upon any statute that allows it to intervene. Rather, the United States claims there are common questions of fact and law between this

action and the future prosecution of some of the defendants in New Jersey.

The government's argument is without merit. The future case in New Jersey is a criminal prosecution arising out of certain allegedly fraudulent activities of F.D. Roberts, a defunct penny-stock brokerage firm. The action brought by the SEC in this court does not involve this brokerage firm. There is no allegation that the alleged frauds committed in New Jersey were in any way linked with the alleged frauds in Florida. The only connection between the two cases is that certain of the defendants here may be named as defendants in the future criminal prosecution arising out of the grand jury investigation. The stay granted by the state judge in New Jersey is irrelevant to this court's determination given that he was confronted by a federal investigation of the same activities by the same individuals and business as was being investigated by the state's securities agency.

The court has weighed the important interests of the government in promoting criminal justice. However, the court is more persuaded by the clear language of Federal Rule 24(b) that an intervenor comes into a case *subject to* the rights of the existing parties. For an individual to intervene and request an indefinite stay would certainly prejudice the original defendants from defending this cause. This is certainly true in light of the fact that an agency of the government, the SEC, is already bringing this action.

The movant has also not carried its burden in proving prejudice sufficient for entry of a protective order. There is no showing that the defendants will be able to obtain any information they do not already have. Many if not all of the defendants in this action have already testified before the grand jury. Further, this is not a situation where the government has filed any criminal charges to date.

There is a present proceeding in this forum, however, and the defendants have a right to defend. If the U.S. Attorney's Office wishes to urge the SEC to drop its claims in this action without prejudice against certain of the defendants, it may certainly do so. But, in light of this record, the United States has no right to intervene in this action or to obtain a protective order.

This motion is analogous to the scenario where the United States is contemporaneously pursuing both a criminal prosecution and a civil forfeiture action against the same defendant for the same criminal activities. There, the United States is already a party in both actions and, indeed, the parties are identical. Further, Congress has explicitly provided for a stay upon a showing of "good cause" in such situations. *See* 21 U.S.C. § 881(i). Even in such a situation, courts have held that the civil claimant's potential use of civil discovery to circumvent the narrower rules of criminal discovery does not constitute sufficient cause to stay the forfeiture proceedings. *See eg. United States v. One Parcel of Real Estate at 1303 Whitehead Street, Key West, Florida,* 729 F.Supp. 98 (S.D. Fla.1990) (King, C.J.). If the government cannot obtain a stay in such situations where the parties are identical and there is a much greater likelihood of prejudice given the parallel proceedings, a stay under the facts of this case can scarcely be justified.

Having considered the motions and the record in this cause, it is hereby

ORDERED AND ADJUDGED that the motion by the United States to intervene in this action and the government's motion for entry of a protective order are DENIED. Furthermore, the motion by the defendant, Robert Humphrey, for entry of a protective order is also DENIED.

DONE AND ORDERED.