### BROADCORT CAPITAL CORPORATION, Plaintiff,

v.

### FLAGLER SECURITIES, INC., a Florida corporation, George McKovich, an individual, Nancy Kay Mlinarchik, and H. Michael Cavanaugh, an individual, Defendants.

No. 93–B–891.

United States District Court, D. Colorado.

June 11, 1993.

Peter L. Jenks, Denver, CO.

Bennett Falk, Morgan, Lewis & Bockius, Miami, FL.

Deb Young, U.S. West Communications, Inc., Denver, CO.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on Plaintiff's motion to compel and the motion to quash or modify filed by non-party Grant C. Record. A hearing was held on June 7, 1993. Present were the following counsel: Jeffrey Scott, attorney for Plaintiff; Peter Jenks, attorney for non-party Grant C. Record (Record); and Daniel Peterson, attorney for the Estate of Defendant Cavanaugh.[1] The Court heard argument of counsel and then took the motions under advisement.

### I.

Plaintiff has commenced a lawsuit in the United States District Court for the Southern District of Florida. In that lawsuit, Plaintiff alleges that Defendant Cavanaugh, in concert with others, caused an order to be placed with Defendant Flagler Securities, Inc. (Flagler) for a large number of shares of Danbus Resources, Inc. (Danbus) stock. Flagler was the so-called introducing broker and cleared the transaction through Plaintiff. When it came time to pay for the securities, Cavanaugh refused to pay for the stock, as did Defendant Flagler. Plaintiff paid more than one million dollars for the shares of Danbus stock which then became worthless.

Plaintiff commenced this action seeking payment for the stock and for other damages. One claim of Plaintiff is that Cavanaugh and others engaged in stock manipulation. Though it is somewhat unclear from what has been presented, it appears that the stock order may have been part of a plan to drive up Danbus stock to allow profits to be

---

1. The Court was advised by counsel that Defendant Cavanaugh had recently died. Substitution of his estate has not yet occurred.

made by Defendants. Plaintiff has indicated that Defendant Flagler is no longer in business.

Plaintiff has alleged that Record was a corporate officer, employee and stockholder of Danbus. It is further alleged that Record was in direct contact with Cavanaugh. Plaintiff has alleged that previous telephone records have been secured from Cavanaugh and Yelm Telephone Company in Washington. Those records purportedly show direct telephone communication between Record and Cavanaugh for the months of October and November, 1991.

Plaintiff issued a subpoena to U S West Communications for long distance records and credit files for Record. Plaintiff alleges that this subpoena was served in order to obtain additional documentation showing the dates, times, and extent of contact between Record and Cavanaugh. U S West has not yet honored the subpoena, but has indicated to Plaintiff that it will not respond until the pending motions in this Court are resolved.

Record and Defendant Cavanaugh have filed motions to quash or modify the subpoena. Plaintiff has responded. Further argument will be waived at this time.

## II.

■ Plaintiff has raised an initial point as to any attempt by Record and Cavanaugh to object to the subpoena duces tecum. The argument is that neither has standing to object, as U S West was the party served. It is argued that only U S West can object, and it has chosen not to do so. Historically, it has been the case that only the served party could object to the subpoena. *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975).

■ Fed.R.Civ.P. 45 has been recently amended. Review of part of the Rule indicates the following:

(3)(A) On *timely* motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden. (emphasis added).

Fed.R.Civ.P. 45(c). Plaintiff correctly notes that a person served with a subpoena must object within fourteen days. Fed.R.Civ.P. 45(c)(2)(B). That does not apply to a non-served party or non-party, provided that any objection to the subpoena is timely filed.

The notes from the Advisory Committee indicate that "the court protects all persons from undue burden imposed by the use of the subpoena power." There is little doubt that a court has the power and duty to examine all appropriate issues dealing with persons affected by the subpoena under this revised rule. Such persons include Record and Cavanaugh. Their claim of privilege must be considered by the Court.

## III.

Record filed the initial motion to quash or modify. That request has now been joined by Defendant Cavanaugh. Both make general arguments concerning privacy considerations and the overbreadth of the subpoena duces tecum.

■ Plaintiff correctly notes that the burden is upon Record to show that he has a privacy interest or that some other privilege applies. *Centurion Industries, Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323 (10th Cir.1981). Other than general arguments concerning burdens and invasion of privacy, neither Record or Cavanaugh refer this Court to any specific statute, rule, regulation, or case providing the privilege or protection that they claim. The Court cannot quash a subpoena solely on the basis that a person

has a privilege that is uncited. In this case, Record and Cavanaugh apparently have relied solely on Fed.R.Civ.P. 45, which does not provide the protections that they are seeking. There is no legal basis for the subpoena duces tecum to be quashed, because the information sought is potentially relevant to the case in Florida.

■ The breadth of the subpoena is a different issue. Plaintiff argues that the "Cavanaugh/Record relationship continued well into 1991, long after the demise of Danbus." Record and Cavanaugh have argued that a time limit should be placed upon the subpoena duces tecum, as the information sought after the demise of Danbus is irrelevant. The Court agrees with this proposition, in part.

Nothing has been provided that would indicate any relevance or potential relevance of telephone or financial records from January 1, 1992 on. The demise of Danbus and the financial dealings that Plaintiff complains of occurred before this period. If Record and Cavanaugh had continuing telephone calls in the years 1992 and 1993, that has no bearing on the case. Plaintiff has not offered any reasonable explanation why such records would lead to admissible evidence, except a generalized comment that is as broad and unconvincing as Record's and Cavanaugh's objections.

IT IS HEREBY ORDERED that the motions to quash subpoena filed by Grant C. Record and Defendant H. Michael Cavanaugh are denied; and

IT IS FURTHER ORDERED that the motions for modification of the subpoena are granted to the extent that U S West Communications is not to produce any records of telephone calls or financial information for the period from January 1, 1992 through the present date; and

IT IS FURTHER ORDERED that each party is to pay his own attorney's fees and costs.