**In re Ismail YASSAI, Debtor.**

**Heidi K. LEANDERS, trustee of the bankruptcy estate of Ismail Yassai, Plaintiff,**

v.

**Ismail YASSAI, Defendant.**

**Bankruptcy No. SA 97–28379 JR.
Adversary No. SA 98–1162 JR.**

United States Bankruptcy Court,
C.D. California,
Santa Ana Division.

Aug. 12, 1998.

Thomas W. Dressler, Jason Pomerantz, Dressler, Rein, Evans & Sestanovich, LLP, Los Angeles, CA, for trustee.

Martin W. Taylor, Anthony R. Montero, Snell & Wilmer, LLP, Irvine, CA, for Non-Parties Jafar Yassai and Lantech Group, Inc.

Bernard J. Frimond, Laguna Hills, CA, for Debtor.

## OPINION

JOHN E. RYAN, Bankruptcy Judge.

## I. INTRODUCTION

On February 23, 1998, the chapter 7 trustee, Heidi K. Leanders ("Trustee"), filed a

complaint objecting to Ismail Yassai's ("Debtor") discharge under Bankruptcy Code (the "Code")[1] § 727. In connection with her discovery efforts, Trustee served subpoenas (the "Third–Party Subpoenas") on three banks seeking deposition testimony and financial information pertaining to Debtor, his brother Jafar Yassai, and various business entities in which Debtor allegedly has an interest, including Lantech Group, Inc.

On June 18, 1998, Jafar Yassai and Lantech Group, Inc. (collectively, "Movants") filed a motion seeking to quash the Third–Party Subpoenas, or in the alternative, seeking protective orders (the "Motion"). After a hearing on July 9, 1998, I took the matter under submission.

On July 30, 1998, I ruled from the bench denying the Motion and Trustee's request for attorney's fees incurred in opposing the request for protective orders. On August 5, 1998, the order (the "Order") denying the Motion and the request for attorney's fees was entered. This opinion contains findings of facts and conclusions of law consistent with my rulings from the bench on July 30, 1998.

## II. JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 157(b)(1) (bankruptcy courts may hear cases arising under title 11) and 28 U.S.C. § 1334(b) (district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

## III. STATEMENT OF FACTS

On November 17, 1997, Debtor filed a voluntary chapter 7 petition. On February 23, 1998, Trustee filed the complaint (the "Complaint") objecting to Debtor's discharge pursuant to Code §§ 727(a)(2), (a)(3), (a)(4), and (a)(5).

On May 20, 1998, Trustee served the Third–Party Subpoenas on Sanwa Bank California (Rosemead, CA), Sanwa Bank California (Mission Viejo, CA), and Citizens Business Bank (Claremont, CA) (collectively, the "Banks"). The Third–Party Subpoenas required depositions and production of documents relating to the financial affairs of Debtor, Debtor's brother Jafar Yassai (with whom Debtor engaged in various prepetition business transactions), and property or entities in which Debtor had an interest prepetition.[2]

On June 18, 1998, Movants filed the Motion. On June 29, 1998, Trustee filed an opposition (the "Opposition") to the Motion. On July 7, 1998, Debtor filed a reply (the "Reply") to the Opposition. After a hearing on July 9, 1998, I took the matter under submission.

On July 30, 1998, I ruled from the bench and denied the Motion and request for attorney's fees. On August 5, 1998, the Order was entered. This opinion reflects my findings of facts and conclusions of law consistent with my ruling from the bench on July 30, 1998.

## IV. DISCUSSION

A. *The Motion to Quash.*

1. *Movants Lack Standing To Bring The Motion Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A).*

■ The Motion to Quash is brought under Federal Rule of Civil Procedure ("FRCP") 45(c)(3)(A)(iii) and (iv),[3] which provides in pertinent part that "[o]n, timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or

---

1. The Code is set forth in 11 U.S.C. §§ 101–1330 (1998).

2. The Banks filed separate objections to the scope of the Third–Party Subpoenas. However, the Banks are not parties to the instant Motion and, consequently, the propriety of those objections are not before this court.

3. FRCP 45 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure ("FRBP") 9016. *See* FED.R.BANKR.P. 9016.

other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden." FED.R.CIV.P. 45(c)(3)(A). Subparagraph (c)(3)(A), however, does not specify whether persons who are not subject to the subpoena and are not parties to the action, such as Movants, have standing to bring forth such a motion. Furthermore, neither the Ninth Circuit nor any other circuit court has addressed whether a non-party has standing to move to quash or modify a subpoena which is not directed at them under FRCP 45(c).

Movants assert that a person has standing to bring a motion to quash a subpoena served on another person pursuant to FRCP 45 if the subpoena infringes on the movant's legitimate interests. However, the legitimate interests test is inapplicable. The test has only been applied in criminal proceedings where the FRCP do not apply. *See United States v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982); *United States v. Tomison,* 969 F.Supp. 587, 592 n. 12, 596 (E.D.Cal.1997).

It is by now a " 'familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself.' " *O'Hara v. Teamsters Union Local,* 151 F.3d 1152, 1160 (9th Cir.1998) (quoting *Continental Cablevision, Inc. v. Poll,* 124 F.3d 1044, 1048 (9th Cir.1997) (citations omitted)). When a court looks to the language of a statute to interpret its meaning, the court " 'derive[s] meaning from the context, and this requires reading the relevant statutory provisions as a whole.' " *Pension Benefit Guar. Corp. v. Carter & Tillery Enterprises,* 133 F.3d 1183, 1186 (9th Cir. 1998) (quoting *Carpenters Health and Welfare Trust Funds for Cal. v. Robertson (In re Rufener Constr., Inc.),* 53 F.3d 1064, 1067 (9th Cir.1995)).

Movants bring the Motion only under FRCP 45(c)(3)(A). Subparagraph (c)(3)(A) permits a court to quash or modify the subpoena upon the showing that one of the four requirements listed at FRCP 45(c)(3)(A)(i)–(iv) is met. FRCP 45(c)(3)(B) also grants a court the authority to modify or quash a subpoena if one of three requirements listed at FRCP 45(c)(3)(B)(i)–(iii) is met. However, FRCP 45(c)(3)(B), unlike FRCP 45(c)(3)(A), expressly permits the court to quash or modify a subpoena "to protect a person *subject to or affected by* the subpoena." FED.R.CIV.P. 45(c)(3)(B) (emphasis added). FRCP 45(c)(3)(A) does not similarly extend the scope of the court's power to grant a motion to quash or modify to parties who are merely "affected by," but not "subject to" the subpoena. The Supreme Court has held that where particular language is included " 'in one section of a statute but omitt[ed] in another section of the same Act,' " it is generally presumed the inclusion and exclusion was "intentional[ ] and purposeful[ ]...." *Brown v. Gardner,* 513 U.S. 115, 120, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (quoting *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (citations and internal quotation marks omitted)). If the drafters of the FRCP had intended FRCP 45(c)(3)(A) to apply to parties who are not directly subject to the subpoena, they would have so stated.

Additionally, in construing the statute section in its entirety, the Ninth Circuit has instructed that I can consider "the title of the section in which the relevant language appears." *Hanford Downwinders Coalition, Inc. v. Dowdle,* 71 F.3d 1469, 1475 (9th Cir. 1995) (citing *Greyhound Corp. v. United States,* 495 F.2d 863, 868 (9th Cir.1974); *Oregon Pub. Util. Comm'n v. I.C.C.,* 979 F.2d 778, 780 (9th Cir.1992); *United States v. Cha,* 837 F.2d 392, 394 (9th Cir.1988)). The Ninth Circuit has noted that statutory titles "can be very useful tool[s]" in resolving the ambiguity of statutes. *Greyhound Corp.,* 495 F.2d at 868 (citation omitted). *See also Oregon Pub. Util. Comm'n,* 979 F.2d at 780 (noting that although section title may not control the plain meaning of a statute, the title may "aid in contriving ambiguities in [a] statute."); *Cha,* 837 F.2d at 394.

Here, the title of FRCP 45(c) is "Protection of Persons Subject to Subpoenas." This suggests that FRCP 45(c) is designed primarily to protect persons from subpoenas that are served upon them. Indeed, FRCP 45(c)(1) and (c)(2) both only pertain to the party issuing the subpoena and the rights of the person subject to the subpoena. FRCP 45(c)(1) imposes a duty upon the party or

attorney issuing the subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. FRCP 45(c)(2) outlines the procedures by which a person who is commanded to produce may object to the subpoena. Where the drafters intended that the scope of FRCP 45(c) should be broader, they have done so explicitly by providing the court the power to quash or modify subpoenas to protect a person subject to or affected by the subpoena, as in FRCP 45(c)(3)(B).

Nevertheless, Movants urge the court to look to *Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D.Col.1993), for guidance on this issue. Factually, the *Broadcort* case is similar. In *Broadcort*, the movant was a non-party who was not subject to the subpoena. The movant sought to quash or modify the subpoena directed at another non-party. The party who issued the subpoena argued that the movant lacked standing under FRCP 45(c)(3)(A). *Id.* The court held that the movant had standing on grounds of privilege and the breadth of the subpoena. *Id.* at 628–29.

However, I am reluctant to rely upon *Broadcort* because the court did not support its holding with an analysis of the language of FRCP 45(c). Rather, the judge relied on the Advisory Committee Note to this section, which states: "Subparagraph (c)(3)(A)(iv) requires the court to protect all persons from undue burden imposed by the use of the subpoena power." FED.R.CIV.P. 45(c) advisory committee's note. With that, the court concluded that a "court has the power and duty to examine all appropriate issues dealing with persons *affected by* [a] subpoena...." *Broadcort*, 149 F.R.D. at 628 (emphasis added).

In my view, this is an impermissible expansion of FRCP 45(c)(3)(A)(iv) because it equates, without further explanation, the term "a person," as stated in FRCP 45(c)(3)(A)(iv), with "all persons," irregardless of whether they were served with a subpoena. When read in context, the Advisory Committee Note states that the purpose of FRCP 45(c)(3) is to protect *a witness* from misuse of the subpoena power. FED.R.CIV.P. 45(c) advisory committee's note. When discussing FRCP 45(c)(3)(A), the Advisory Committee Note continually refers to protection of the "witness," rather than "all persons." *Id.* However, for the sake of thoroughness, I will consider the Motion on its merits.

### 2. *Even if Movants Have Standing, Movants Have No Privilege to Assert.*

▮▮ FRCP 45(c)(3)(A)(iii) authorizes the court to quash or modify the subpoena if it requires disclosure of privileged or other protected matter. Movants have not demonstrated that the information sought by Trustee is entitled to such protection. Movants claim that the subpoenas infringe upon their right to protect private financial information under the California Constitution, Article I, § 1, which sets forth a general right to privacy. CAL. CONST., art. I, § 1. However, Trustee is correct that federal law governs this dispute and does not recognize such privilege or protection.

▮▮ Federal Rule of Evidence ("FRE") 1101 provides that the rule of evidentiary privilege of the FRE applies to all stages of proceedings before bankruptcy judges.[4] FED.R.EVID. 1101(a) & (c). Under the FRE, "evidentiary privileges in federal question cases are governed by federal common law." *Dole v. Milonas*, 889 F.2d 885, 889 n. 6 (9th Cir.1989) (citing *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989); *see also United States v. Hodge and Zweig*, 548 F.2d 1347, 1352–53 (9th Cir. 1977)); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir.1992) (holding that in federal question cases, the law of privilege is governed by federal common law). Federal question jurisdiction extends in those cases to which "a well pleaded complaint establishes ... 'that federal law creates [a] cause of action....'" *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir.1997)

---

4. FRE 1101(a) provides that "[t]hese rules apply ... to United States bankruptcy judges and United States magistrate judges, in the actions, cases, and proceedings and the extent hereinafter set forth...." FED.R.EVID. 1101(a). FRE 1101(c) sets forth that "[t]he rule with respect to privileges applies at all stages of all actions, cases, and proceedings." FED.R.EVID. 1101(c).

(quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). *See also Crandal v. Ball, Ball, and Brosamer, Inc.,* 99 F.3d 907, 909 (9th Cir.1996) (holding that "[f]ederal question jurisdiction exists for 'civil actions arising under' federal statutes") (citing 28 U.S.C. § 1331).

Here, Trustee brought forth four causes of action, all of which are created by federal law. Trustee filed the Complaint seeking to deny Debtor a discharge under Code §§ 727(a)(2), (a)(3), (a)(4) & (a)(5). Therefore, federal law applies as to whether or not Movants can assert a privilege under FRCP 45(c)(3)(A).

The Ninth Circuit has stated that it knew "of no authority which recognizes a privilege for communications between bank and depositor" and "decline[d] to create such a privilege...." *Harris v. United States,* 413 F.2d 316, 319 (9th Cir.1969). In subsequent cases, courts have uniformly held that the "banker depositor privilege was not recognized at common law" and "does not exist in the Federal Courts." *Delozier v. First Nat'l Bank of Gatlinburg,* 109 F.R.D. 161, 163 (E.D.Tenn.1986) (citing *United States v. Prevatt,* 526 F.2d 400, 402 (5th Cir.1976); *Harris v. United States,* 413 F.2d 316, 317 (9th Cir.1969)); *Stark v. Connally,* 347 F.Supp. 1242, 1248 (N.D.Cal.1972), *modified on other grounds,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); *Rosenblatt v. Northwest Airlines, Inc.,* 54 F.R.D. 21, 23 (S.D.N.Y. 1971); *Societe Internationale v. McGranery,* 111 F.Supp. 435, 443 (D.D.C.1953). *See also Sneirson v. Chemical Bank,* 108 F.R.D. 159, 162 (D.Del.1985) (holding that a claim of privilege to bank records "pursuant to federal public policy [was] without merit"); *United States v. First Nat'l Bank,* 1978 WL 4535, at *1 (N.D.Ga. July 24, 1978); *Young v. United States Dep't of Justice,* 882 F.2d 633, 642 (2nd Cir.1989) (stating in dictum that "courts have not recognized a banker-client testimonial privilege").

▇ In addition, whatever right to privacy Movants may have in the information sought pursuant to the subpoenas is insufficient to prevent discovery of that information. The Ninth Circuit has stated that "[t]he cases

hold that depositors have no rights in the records of their bank, and that the records may be subpoenaed over the objection of the depositor, notwithstanding the fact that the records concern the account of the depositor" and declined to limit the holding of these cases. *Harris,* 413 F.2d at 318 (citations omitted). Additionally, assuming that a state constitution creates "a right to privacy in financial records, such state privilege[ ] do[es] not preclude discovery" of bank records "in a federal court suit." *Sneirson,* 108 F.R.D. at 162 (citing *Wm. T. Thompson Co. v. General Nutrition Corp.,* 671 F.2d 100, 103–04 (3d Cir.1982)).

Movant cites *Ceramic Corp. of Am. v. Inka Maritime Corp. Inc.,* 163 F.R.D. 584, 588 (C.D.Cal.1995) to support the proposition that federal cases have recognized that "financial privacy should be protected if possible." The court in *Ceramic* partially granted a motion to quash a subpoena seeking discovery of employment records to the extent that it pertained to "family, health, or financial matters[.]" *Ceramic,* 163 F.R.D. at 588–89.

This case is inapplicable. The court in *Ceramic* took into account state law as a "matter of comity" only because state law did "not conflict with federal interest ..." in the discovery of employment records. *Id.* In contrast, the courts have declined to prevent discovery of information despite assertions of the privacy of bank records by the bank client. *See Stark,* 347 F.Supp. at 1248; *Rosenblatt,* 54 F.R.D. at 23–24; *First Nat'l Bank,* 1978 WL 4535, at *1.

Accordingly, because Movants assert no privilege or privacy interest in the information sought pursuant to the subpoenas recognizable under federal law, the request to quash is denied.

3. *Movants Also Fail to Demonstrate That The Third–Party Subpoenas Impose An Undue Burden.*

Even if Movants have standing to move to quash on grounds of undue burden, Movants have failed to demonstrate that the subpoenas impose an undue burden on them.

▇ A party moving to quash on the grounds of undue burden pursuant to FRCP

45(c)(3)(A)(iv) bears the burden of proof. *See Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D.Tx.1998) (citing *Linder v. Department of Defense,* 133 F.3d 17, 24 (D.C.Cir.1998)) (*Linder* holding that [t]he "burden of proving that a subpoena is oppressive is on the party moving to quash[ ]") (other citations omitted); *see also Vitale v. McAtee,* 170 F.R.D. 404, 407 (E.D.Pa.1997); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y.1996) (holding that " 'the burden of persuasion in a motion to quash a subpoena ... is borne by the movant' ") (citations omitted).

██ The burden is a heavy one. *See Williams,* 178 F.R.D. at 109 (citations omitted); *see also Northrop,* 751 F.2d at 403. Movant must meet the burden "of establishing that compliance with the subpoena would be 'unreasonable and oppressive.' " *Williams,* 178 F.R.D. at 109 (citations omitted). Common examples of undue burden include: "untimely service, inability to appear, inability to produce requested documents or things, failure to identify items requested, or excessive costs." *In re County of Orange,* 208 B.R. 117, 120 (Bankr.S.D.N.Y. 1997) (quoting MOORE'S FEDERAL PRACTICE § 45.04[3][b] (other citations omitted)).

██ Here, Movants presented no evidence pertaining to the time, cost, or inconvenience entailed in responding to the Third–Party Subpoenas. Consequently, Movants have failed to meet their burden in demonstrating an undue burden.

B. *Movants Do Not Have Standing To Move For A Protective Order Under FRCP 26(c).*

FRCP 26(c) provides:

Upon motion *by a party or by the person from whom discovery is sought,* and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

FED.R.CIV.P. 26(c) (emphasis added).

██ Unlike FRCP 45(c)(3)(A), FRCP 26 specifies upon whose motion a court may

grant relief. The language of FRCP 26(c) is expressly limited to parties or the person from whom the discovery is sought. *See SEC v. Tucker,* 130 F.R.D. 461, 462 (S.D.Fla. 1990) (holding that a third party could not move for a protective order under FRCP 26(c) because discovery was not sought from the movant, the movant was not a party to the action, and the movant did not carry its burden to intervene).

Here, discovery is not sought from Movants; Movants are not parties to this action; and Movants have not moved to intervene in this action. Consequently, Movants lack standing to move for a protective order under FRCP 26(c).

C. *The Request for Fees and Costs Under FRCP 37(a)(4) is Denied.*

██ Both parties request costs and attorney's fees pursuant to FRCP 26(c) and 37(a)(4). FRBP 7026 encompasses FRCP 26, *see* FED.R.BANKR.P. 7026, and provides that "[t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to [a] motion" for a protective order. FED. R.CIV.P. 26(c). FRCP 37(a)(4), made applicable by FRBP 7037, *see* FED.R.BANKR.P. 7037, provides that if the motion is denied, the court

shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or that other circumstances make an award of expenses unjust.

FED.R.CIV.P. 37(a)(4).

The Supreme Court has held that an action is "substantially justified" under FRCP 37 if it is a response to a "genuine dispute," or "if reasonable people could differ as to [the appropriateness of the contested action][.]" *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted) (alteration in original). In the same vein, the Ninth Circuit has held that "[a] request for discovery is 'substantially justified' under the rule if reasonable people

could differ as to whether the party requested must comply." *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

Here, although I find that Movants lack standing to bring the motion for protective orders, I note that there is no controlling Ninth Circuit authority on point that discusses standing under FRCP 26(c). Accordingly, as reasonable people could differ as to the interpretation of FRCP 26(c), Trustee's request for fees and costs under FRCP 37(a)(4) is denied.

### V. CONCLUSION

When read in the context of FRCP 45(c), I find that Movants, who are not subject to the Third–Party Subpoenas, lack standing to bring forth the Motion under FRCP 45(c)(3)(A).

However, even assuming that Movants have standing, Movants have no privilege to assert under FRCP 45(c)(3)(A)(iii) because federal courts have consistently rejected a banker-depositor privilege. Additionally, Movants have not demonstrated an undue burden under FRCP 45(c)(3)(A)(iv).

Movants lack standing to bring forth a request for protective orders under FRCP 26(c) as this rule is directed at parties or persons from whom discovery is sought. In addition, both parties' request for fees and costs under FRCP 26 and 37(a)(4) is denied because the request for protective orders was substantially justified.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This opinion shall constitute my findings of fact and conclusions of law.