The BARRICK GROUP, INC., Delphi Associates Limited Partnership, Jayarm Associates Limited Partnership, Barrick Ralston Limited Partnership, Barrick North Belt Limited Partnership, Barrick Westwood Limited Partnership, and Barrick Atlanta I Limited Partnership, Plaintiffs–Appellants,

v.

Richard H. MOSSE, Defendant–Appellee,

George Marvin–Smith, Richard Scholnick, Non–Party Witness, Appellees.

No. 552, Docket 87–7742.

United States Court of Appeals, Second Circuit.

Argued March 15, 1988.

Decided June 8, 1988.

James Schreiber, New York City (Jacob Imberman, Michele M. Ovesey, Eric Rosenberg, Proskauer Rose Goetz & Mendelsohn, New York City, of counsel) for plaintiffs-appellants.

George B. Yankwitt, New York City (Robinson Silverman Pearce Aronsohn & Berman, New York City, of counsel) for defendant-appellee.

J. Daniel Sagarin, Milford, Conn. (William B. Barnes, Paula Mangini Montonye, Hurwitz & Sagarin, Milford, Conn. of counsel) for non-party witness appellee Marvin–Smith.

Before PRATT and MINER, Circuit Judges, and WALKER,* District Judge.

MINER, Circuit Judge.

In this case we are called upon once again to determine whether an interlocutory order meets the standards of appealability. The order was entered in the United States District Court for the District of Connecticut (Burns, J.) and was made in response to a motion to compel the testimony of a non-party witness at a pre-trial deposition held in Connecticut. The witness claimed his fifth amendment privilege in refusing to answer certain questions put to him relating to an action pending in the Southern District of New York. The motion to compel was denied, and the appeal before us challenges that ruling. We hold that the order is not appealable and dismiss the appeal.

## BACKGROUND

According to the complaint in the action pending in the Southern District, the plaintiffs (appellants here) seek to recover damages from Richard Mosse for breach of fiduciary duty and common law fraud. They also seek an accounting. Appellants allege that they hired Mosse as a finder for commercial real estate to be purchased by various limited partnerships. Apparently, Mosse was paid a finder's fee for the services he rendered in seven separate transactions. Appellants claim that Mosse, without their knowledge, received "kickbacks" from brokers who participated in these transactions. They allege that the purchase prices for the properties were inflated in the amount of the undisclosed compensation. They contend that they are entitled to the undisclosed monies Mosse received through "shell" corporations. Allegedly, Mosse falsely represented that the corporations were independent real estate companies that served as sources for the seven properties he found. Appellants paid commissions to these companies in addition to the finder's fees paid to Mosse. In furtherance of the scheme, Mosse is alleged to have paid "kickbacks" out of his own undisclosed compensation to George Marvin–Smith and Richard Scholnick, both formerly employed by appellants.

Pursuing discovery relating to the claims asserted against Mosse, appellants served a notice of deposition for the examination of Marvin–Smith as a non-party witness at New Haven, Connecticut. During the course of the deposition, Marvin–Smith claimed the privilege against self-incrimination as well as a privilege not to disclose information previously provided to enforcement authorities in order to justify his refusal to answer a number of questions. Among other things, the witness declined to disclose whether he was granted immunity by any United States Attorney or grand jury; whether he was subpoenaed to testify or produce documents before the grand jury relative to the limited partnerships and the properties acquired by them; whether he did testify or produce documents before the grand jury in connection

with such matters; and whether he provided information concerning the allegations of the complaint in the underlying action to the U.S. Attorney or to any other governmental agency.

On the day following the deposition, appellants moved for an order directing Marvin–Smith to answer the questions to which he had refused to respond. There followed his motion for a protective order to prohibit the inquiry, to require that discovery be confined to written interrogatories and to limit access to any information required to be disclosed. Judge Burns heard oral argument on both motions. Although no testimony was taken, counsel for Marvin–Smith offered to present certain material *in camera* to assist the court in deciding the issues presented, but counsel for appellants indicated that such a presentation would be unsatisfactory. The material was not received. On the day following the argument, Judge Burns issued her decision on appellants' motion by endorsing their moving papers as follows:

7/31/87 Denied. Even if the witness Marvin–Smith has been granted immunity, he still has exposure and can validly invoke his privilege against self-incrimination whether such immunity is testimonial or transactional. Although the informant privilege is the government's and not the witness's, the answers to the questions for which the privilege was claimed could not, in this case, lead to admissible evidence.

On the same day, the Judge decided Marvin–Smith's motion by the following endorsement on his moving papers: "7/31/87 Denied, the court believing its ruling on plaintiffs' motion to compel meets with the witness's concerns."

Despite their prior objection to *in camera* consideration by the court of the materials offered by Marvin–Smith, appellants urge that the district court erred in failing to require a showing that the questions asked would subject the witness to a real and substantial risk of criminal prosecution. They contend that such a showing would have necessitated an inquiry into the nature and extent of the immunity, if any, granted to Marvin–Smith, an inquiry the district court failed to undertake. Appellants also argue that the court, having determined the informant's privilege was not available to the witness, erred in concluding that the questions as to which that privilege was claimed could not have led to the discovery of any admissible evidence. They assert that the court's order denying their motion, although interlocutory, is appealable under the collateral order exception. Marvin–Smith does not appeal the order denying his protective motion.

## DISCUSSION

The general rule prohibiting appeals from all but final judgments, 28 U.S.C. § 1291, is qualified by various statutory and judicially created exceptions, *see, e.g.,* 28 U.S.C. § 1292; *Minotti v. Lensink,* 798 F.2d 607, 608 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). The collateral order exception to the general rule permits appeals from interlocutory orders that (1) conclusively determine a disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) are effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Generally, orders denying or compelling discovery are non-appealable, *see In re Weisman,* 835 F.2d 23, 25 (2d Cir.1987), for the reason that decisions relating to discovery issues normally can be reviewed effectively on appeals from final judgments, *American Express Warehousing, Ltd. v. Transamerica Ins. Co.,* 380 F.2d 277, 280, 282 (2d Cir.1967) (distinguishing cases where underlying action and ancillary action pending in different circuits). Interlocutory review of such determinations undermines the purpose of the finality rule—avoidance of fragmented litigation, which clogs the appellate courts and causes unnecessary delay in the trial courts.

■ We have applied the collateral order exception to the rule of finality in allowing a party to appeal an order denying discovery of a non-party where the order is made by a district court other than the one in which the underlying action is pending. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 34 (2d Cir.1987); *Baker v. F & F Investment*, 470 F.2d 778, 780 n. 3 (2d Cir.1972), *cert. denied*, 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973); *Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551, 554 (2d Cir.1967). The exception is based on the notion that there can be no effective review of the determination under such circumstances unless the interlocutory appeal is allowed:

> [E]ven if the appellate court in the jurisdiction in which discovery is sought awaited a final decision in the main proceeding before acting at all it would be necessary to return to the ancillary appellate court to argue the discovery issue. And if, upon appeal, the party were successful in reversing the lower court's order and thus obtained discovery, he would be required to go back to the court where the main case had already been tried, and there, with the discovered evidence now admissible on the merits, move to retry the case. The impracticality of this cumbersome procedure compels us to grant immediate appellate review of an order which, in another context, we might properly hold to have been an interlocutory order.

*Republic Gear*, 381 F.2d at 554.

In all our prior cases allowing interlocutory appeals of discovery decisions, the principal action and the ancillary proceeding were pending in different circuits as well as in different district courts, giving rise to the potentially cumbersome and impractical procedure eliminated by our holding in *Republic Gear*. The situation is much different where, as here, the district courts are located within the same circuit. Under these circumstances, a circuit court can consider any appeal on discovery issues at the same time as the appeal from the judgment in the underlying action. This approach avoids piecemeal proceedings, strengthens the rule of finality and pro-

vides ultimately for the effective review of all issues.

Appellants rely upon our decision in *Baker v. United States Steel Corp.*, 492 F.2d 1074 (2d Cir.1974), to support their claim of appealability. Their reliance is misplaced, since the case cuts just the other way. *Baker* was an antitrust case pending in the District of Connecticut. The district court requested a transcript of certain testimony given before a grand jury in the Southern District of New York for *in camera* review. After a hearing, the Southern District Court issued an order granting the request, from which an appeal was taken. The district court in Connecticut reviewed the testimony, decided to release a portion of it to plaintiffs and denied a motion to stay the release. An appeal was taken from that order also. In finding the orders non-appealable, we held that "the propriety of releasing the grand jury transcripts may still be reviewed upon an appeal from the final judgment entered in the Connecticut district [court]," 492 F.2d at 1078, a conclusion similar to the one we reach here. Appellants, however, focus on the following dictum in *Baker* to support their position:

> We are not here dealing with an order of a different district court *denying access to the transcripts*, which conceivably could be directly or separately reviewable as a final order because it could not be reviewed in the case pending in the Connecticut district, see, e.g., ... *Republic Gear Co. v. Borg–Warner Corp., supra*, but with an order which, no matter how it was labelled, was in effect ancillary to the main proceeding in the Connecticut district.

*Id.* (citation omitted). Appellants take this phrase to mean that a denial of discovery by a district court different from the district court in which the main action is pending is appealable, even though both district courts are in the same circuit. We do not read the phrase in this manner and take the qualifying word "conceivably" to restrict appealability to those cases where the district courts are in different circuits. This reading is supported by the citation to *Republic Gear* in the quoted sentence.

To the extent that *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1021–22 (Fed.Cir.1986) and *Ariel v. Jones,* 693 F.2d 1058, 1059 (11th Cir.1982) (per curiam) hold that an order denying discovery is appealable when made by different district courts within the same circuit because it is not otherwise effectively reviewable, we decline to follow those decisions. Agreeing with the Ninth Circuit, "we hold that on an appeal from a final judgment of the United States District for the [Southern District of New York], we can review the [Connecticut] district court's order and direct the [Connecticut] district court to allow discovery," *In re Subpoena Served on California PUC,* 813 F.2d 1473, 1479 (9th Cir. 1987). We therefore dismiss the appeal from the order of the Connecticut District Court for lack of appellate jurisdiction.