**Twylah Sue HOOKER, Plaintiff–Appellant,**

v.

**CONTINENTAL LIFE INSURANCE COMPANY, a Texas corporation, Defendant–Appellee.**

No. 88–2815.

United States Court of Appeals, Tenth Circuit.

May 28, 1992.

Walter D. Haskins, Patricia A. Lamb, and Jody R. Nathan of Thomas, Glass, Atkinson, Haskins, Nellis and Boudreaux, Tulsa, Okl., for plaintiff-appellant.

Ronald N. Ricketts and Renee DeMoss of Gable & Gotwals, Inc., Tulsa, Okl., for defendant-appellee.

Before HOLLOWAY, SETH, and BARRETT, Circuit Judges.

PER CURIAM.

Plaintiff commenced this action in the Eastern District of Oklahoma, seeking damages for an alleged bad faith breach of an insurance contract. During the course of pretrial discovery, plaintiff, in the Northern District of Oklahoma, sought to depose defendant's attorney and obtain various documents contained in the attorney's files. The district court for the Northern District of Oklahoma granted the attorney's motion for a protective order denying plaintiff the discovery requested. Plaintiff appeals. Defendant filed a motion to dismiss this appeal for lack of appellate jurisdiction.

An appellate court has jurisdiction over all final decisions of the district courts. 28 U.S.C. § 1291. A final decision is one which ends litigation on the merits and leaves nothing for the district court to do but execute the judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). Ordinarily, pretrial discovery orders are not final and immediately appealable. *E.g., Graham v. Gray*, 827 F.2d 679, 681 (10th Cir.1987).

Courts have recognized an exception to the nonfinality of discovery orders where a district court, other than the district court before which the main action is pending, issues an order denying discovery against a nonparty.[1] *E.g., Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1209

---

1. This exception to the nonreviewability of a discovery order until final judgment is entered applies only to ancillary district court decisions denying discovery. *See Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551, 554 (2d Cir. 1967). Where an ancillary district court enters an order against a nonparty compelling dis- covery, such an order is not immediately appealable. *See Federal Trade Comm'n v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985). Rather, the nonparty must either comply with the discovery order, or refuse to comply and submit to contempt proceedings, from which the nonparty may then appeal. *Id.*

(Fed.Cir.1987); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir.1983). The basis of this exception is that, because these ancillary proceedings involve a nonparty and are conducted in a district other than the one in which the main action is pending, there can be no effective appellate review of the discovery determination from a final judgment entered in the main action. *See, e.g., Truswal,* 813 F.2d at 1209; *National Life Ins. Co. v. Hartford Accident & Indem. Co.,* 615 F.2d 595, 597 (3d Cir.1980).

The key question, then, in determining whether a discovery decision, entered by another district court in an ancillary proceeding involving a nonparty, is final and immediately appealable, is whether the appealing party has any means, other than an immediate appeal, to obtain appellate review. *See Ochsner v. Millis,* 382 F.2d 618, 622 (6th Cir.1967); *Carter Prods., Inc. v. Eversharp, Inc.,* 360 F.2d 868, 872 (7th Cir.1966) (quoting *Horizons Titanium Corp. v. Norton Co.,* 290 F.2d 421, 424 (1st Cir.1961)). Where the district court entering the discovery order is not within the jurisdiction of the circuit court having appellate jurisdiction to review a final adjudication of the action, appellate review of the discovery decision will be precluded absent an immediate appeal to the circuit court having jurisdiction to review decisions of the district court entering the order denying discovery. *See, e.g., National Life Ins.,* 615 F.2d at 596–97 (order denying motion to compel discovery immediately appealable to Third Circuit, where main action pending in Fifth Circuit); *Republic Gear,* 381 F.2d at 553–54 (order denying motion to compel discovery immediately appealable to Second Circuit, where main action pending in Seventh Circuit). In the situation presented by this appeal, however, orders entered by both the district court denying discovery and the district court considering the main action are reviewable by this court. *See* 28 U.S.C. § 1294.

The Second and Ninth Circuits have held that where the district court denying discovery and the district court considering the main action are within the same circuit, the order denying discovery is not immediately appealable. *Barrick Group, Inc. v. Mosse,* 849 F.2d 70, 72–74 (2d Cir.1988); *In re Subpoena Served on Cal. Pub. Utils. Comm'n,* 813 F.2d 1473, 1476–80 (9th Cir. 1987). *But see Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1020–22 (Fed.Cir.1986) (order denying discovery, entered by a West Virginia district court in a patent action pending in a California district court, was immediately appealable, regardless of the fact that orders from both courts were reviewable by the Federal Circuit); *Ariel v. Jones,* 693 F.2d 1058, 1059 (11th Cir.1982) (held order denying discovery, entered in the Southern District of Florida in an action pending in the Middle District of Florida, was immediately appealable, without discussion of fact that both district courts were located in the same circuit). Because the same circuit court will have jurisdiction to review both the discovery order and the final adjudication of the main action, appellate review of the order denying discovery will not be foreclosed by delaying review until a final adjudication of the entire action. Rather, an appeal of the order denying discovery will be reviewable at the same time as an appeal from a final judgment entered in the underlying action. *Barrick Group,* 849 F.2d at 73; *In re Subpoena,* 813 F.2d at 1478.

We agree with the Second and Ninth Circuits and adopt the reasoning of those courts. Upon entry of a final judgment fully adjudicating the action in the Eastern District of Oklahoma, plaintiff may file a notice of appeal in the Northern District of Oklahoma, from the order denying discovery, in addition to any notice of appeal filed in the Eastern District from the judgment entered by that court. The parties may then move this court to consolidate these appeals. *See* Fed.R.App.P. 3(b).

The motion to dismiss this appeal for lack of appellate jurisdiction is GRANTED, and the appeal is DISMISSED.