46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FRANK FOODS, INC., a California Corporation, Plaintiff,
v.
MONFORT, INC., a Colorado Corporation, and Conagra, Inc.,
d/b/a Conagra Fresh Meat Co., a Delaware
Corporation, Defendants-Appellees,
Counterclaimants, and Third
Party Plaintiffs,
v.
John FRANK, an individual, Third Party Defendant,
NATIONAL BEEF PACKING CO., L.P., Movant-Appellant.
 No. 94-3388.
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1995.
 
 Before TACHA, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This case arises from a civil suit filed in federal district court in California by plaintiff Frank Foods, Inc., against defendants Monfort, Inc. and ConAgra, Inc., claiming breach of contract and fraud. Appellant National Beef Packing Co., L.P., a nonparty to this action, appeals the order of the United States District Court for the District of Kansas, denying its motion to quash a subpoena duces tecum. National Beef and plaintiff Frank Foods, Inc., in separate motions, applied to this court for a stay pending appeal.
 
 
 2
 Monfort obtained a subpoena duces tecum through the federal district court in Kansas, directing National Beef to produce certain documents. National Beef moved the district court to quash the subpoena, claiming the documents requested contained trade secrets and confidential information, and were not relevant to the underlying suit. The district court denied National Beef's motion to quash, and its subsequent motions to reconsider and for stay pending appeal.
 
 
 3
 This court has jurisdiction of appeals from all final orders of the district court. 28 U.S.C. 1291. We have a duty to inquire into our own jurisdiction, City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 n. 8 (10th Cir.1994), "even where neither party contests it and the parties are prepared to concede it," Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir.), cert. denied, 115 S.Ct. 77 (1994). The pivotal question here is whether the order appealed from is a final order within the meaning of 1291.
 
 
 4
 Generally, pretrial discovery orders are not final appealable orders. Hooker v. Continental Life Ins. Co., 965 F.2d 903, 904 (10th Cir.1992). An exception exists when an ancillary district court enters a discovery order denying discovery against a nonparty. Id. However, this exception is only applicable where the ancillary court's order denied discovery. Id. at 904 n. 1. When, as here, the order grants discovery against the nonparty, the order remains nonappealable, and "the nonparty must either comply with the discovery order, or refuse to comply and submit to contempt proceedings, from which the nonparty may then appeal." Id.; see also Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 342 (10th Cir.1976)(a subsequent order imposing a harmful sanction is reviewable), cert. denied, 429 U.S. 1096 (1977).
 
 
 5
 Here, the district court's refusal to quash the subpoena is, in effect, an order compelling National Beef to comply. Therefore, in order for National Beef to perfect standing to appeal from this pretrial discovery order, it must refuse to comply and submit to a contempt proceeding, which then may be appealed. See Federal Trade Comm'n v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir.1985).
 
 
 6
 Because we conclude that the discovery order appealed from is not final and appealable, National Beef's appeal No. 94-3388 is DISMISSED for lack of appellate jurisdiction. The motion of National Beef for stay pending appeal, the motion of Pacific Foods, Inc. to intervene as amicus curiae, the motions of Frank Foods, Inc. to intervene as amicus curiae and for stay pending appeal, and the motion of National Beef to dismiss the appeal are DENIED as moot.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470