**Alonzo HARDY, Plaintiff–Appellant,**

Alonzo Hardy, Consolidated–Plaintiff–Appellant,

v.

Barbara KNAPP, Counsel at Marcy Correctional Facility; E. Todd, Inmate Record Coordinator at Marcy Correctional Facility; H. Kahn, Corrections Counselor; N.Y.S. Dept. of Correctional Services, Consolidated–Defendants–Appellees,

Phillip COOMBE, Jr., Acting Commissioner of the State of New York, Department of Correctional Services; The State of New York, Defendants–Appellees.

No. 99–0374.

United States Court of Appeals, Second Circuit.

Nov. 1, 2001.

Alonzo Hardy, New York, NY, pro se.

Alicia R. Ouellette, Assistant Solicitor General; Eliot Spitzer, Attorney General for the State of New York, Peter H. Schiff, Senior Counsel, on the brief, Albany, NY, for appellee.

Present WALKER, Chief Judge, NEWMAN and KEARSE, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.

Plaintiff-appellant Alonzo Hardy appeals from the January 17, 2001 order denying, *inter alia*, his motions to compel discovery and for attorneys' fees and costs.

This appeal arises from a series of motions filed by the parties to Hardy's action brought under 42 U.S.C. § 1983, in which he alleges that defendants-appellees deprived him of his constitutional rights by

removing him from a temporary release program without granting him a hearing. As part of the pre-trial motion practice, Hardy filed motions for injunctive relief, to amend his complaint, and to compel discovery, which were denied in an August 24, 1999 order. After Hardy filed a self-styled "appeal" of that order, the district court treated it as a motion for reconsideration and denied it in a November 24, 1999 order. In a January 17, 2001 order, the district court denied another motion to reconsider as well as a motion for attorneys' fees and costs based on Hardy's allegations that an Assistant Attorney General perjured herself in responding to the interrogatories that were the subject of his motion to compel discovery.

On appeal, we note that there is some confusion as to what order(s) Hardy is appealing from and which issues he has properly preserved for appeal. Since Hardy's brief discusses both his motions to compel discovery and for attorneys' fees and costs, and states that he is appealing from the January 2001 order that denied both these motions on reconsideration, we will liberally construe Hardy's *pro se* pleadings as preserving and raising both issues for appeal. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Because we lack jurisdiction to consider either of these motions, we dismiss Hardy's appeal.

■ Generally, discovery orders are "interlocutory orders that must await final judgment" for appellate review. *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir.1989). Although the collateral order doctrine provides some exceptions to this rule, *see, e.g., Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), we find that this case does not come within the limited group of exceptions that we have recognized under *Cohen*. *See Barrick Group, Inc. v. Mosse*, 849 F.2d 70, 73 (2d Cir. 1988). Thus, this court lacks jurisdiction to review Hardy's pre-trial motion to compel discovery.

■ Similarly, we lack jurisdiction to consider the district court's denial of Hardy's motion for attorneys' fees and costs because the denial of this motion is not a final judgment, and Hardy's motion does not warrant interlocutory appeal under *Cohen*. *See Hastings v. Maine–Endwell Cent. Sch. Dist., New York*, 676 F.2d 893, 895–96 (2d Cir.1982)

Accordingly, for the reasons set forth above, the appeal is DISMISSED.