**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 3, 2005**

**TENTH CIRCUIT**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff - Appellee,

v.

TERRY L. DOWDELL,

      Defendant.

------------------

THOMAS E. NELSON,

      Movant - Appellant.

No. 04-4008
(D.C. No. 2:02-CV-1199-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Movant-Appellant Thomas E. Nelson appeals from the district court's grant

of a motion for clarification made by Plaintiff-Appellee Securities and Exchange

Commission and the district court's denial of Nelson's motion to quash and

motion for protective order. We exercise jurisdiction under 28 U.S.C. § 1291 and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirm.

<u>Background</u>

On November 19, 2001, the Securities and Exchange Commission (the "SEC") filed a complaint against Terry L. Dowdell and others in the United States District Court for the Western District of Virginia. The complaint alleged that Dowdell and others operated the "Vavasseur Program" as a ponzi scheme, which violated numerous federal securities laws. In connection with that enforcement action, the SEC learned that Michael Hardesty, a Utah resident, consolidated funds from investors in Vavasseur and that Nelson, a Utah attorney, introduced Hardesty to Vavasseur.

On October 21, 2002, the SEC served a subpoena for documents and testimony on Nelson. Nelson filed a motion to quash this subpoena in the United States District Court for the District of Utah. The district court denied Nelson's motion on December 10, 2002. He does not challenge this denial in his notice of appeal, Aplt. App. at 21, or raise issues related to it in his appellate brief. Nelson ultimately produced hundreds of documents relating to Vavasseur, but refused to produce certain records from his Wells Fargo bank account, claiming that the bank records contained information protected from disclosure by the attorney-client privilege.

On March 21, 2003, the SEC served Wells Fargo Bank a subpoena issued by the United States District Court for the District of Utah requiring production of certain records from Nelson's attorney trust account. The subpoena sought records of transactions involving $1,000 or more, which occurred between January 1, 1998 and March 21, 2003. On April 16, 2003, Nelson filed a motion to quash and/or for protective order, claiming that the subpoena was not properly served, called for irrelevant documents, and was not reasonably calculated to lead to discovery of admissible evidence. Nelson also argued that the documents requested were subject to privilege. On July 18, 2003, the magistrate judge denied Nelson's motions. After Nelson's objection to the July 18 order, the district court affirmed the magistrate judge's order on September 8, 2003.

On September 22, 2003, Nelson filed a motion to reconsider the September 8 order, requesting that the court grant a new trial, take additional testimony, or amend the order. The motion was referred to a magistrate judge. The magistrate judge's October 17, 2003 amended order stated that Nelson did not appeal from a dispositive motion, and thus Rules 59 and 60 were not applicable. Nevertheless, the court applied the test from those rules and denied Nelson's claim. However, the court limited the subpoena by restricting the purposes for which the SEC may use the records, requiring that any records not related to Vavasseur be redacted from public use, prohibiting anyone other than an employee or attorney of the

SEC from reviewing or using the records, and requiring that the records be destroyed 60 days after completion of principal litigation.

Following this order, the SEC filed a motion for clarification on October 20, 2003. On November 24, 2003, the magistrate judge entered an order granting the SEC's request for clarification. In that order, the court altered the restriction placed on the SEC's use of the documents by allowing documents to be shown to witnesses interviewed by the SEC and permitting the parties to include redacted documents in court filings. On December 8, 2003, Nelson filed an objection to the order granting the SEC's request for clarification. The district court affirmed the magistrate judge's grant of the motion for clarification on December 18, 2003. Nelson subsequently filed a notice of appeal from the district court's December 18, 2003 order and all other prior appealable orders, including those entered on November 24, 2003, October 17, 2003, September 8, 2003, and July 18, 2003. Because the parties did not consent to final disposition by a magistrate judge, we lack jurisdiction over the magistrate judge's November 24, 2003, October 17, 2003, and July 18, 2003 orders. See Andrews v. Town of Skiatook, 123 F.3d 1327, 1328 n.2 (10th Cir. 1997); see also 28 U.S.C. §§ 636(c) & 1291.

Discussion

I. Jurisdiction

    A. Timeliness of the Notice of Appeal

The appellees challenge the timeliness of Nelson's notice of appeal. A timely notice of appeal is mandatory and jurisdictional. Browder v. Dir., Dep't of Corrs., 434 U.S. 257, 264 (1978). Thus, if Nelson's notice of appeal is untimely we are without jurisdiction and lack discretion to consider the merits. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981). Because the SEC is a party to this case, Rule 4 of the Federal Rules of Appellate Procedure requires that the notice of appeal be filed within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(B).

However, the timely filing of certain motions under the Federal Rules of Civil Procedure suspends the 60-day period for filing a notice of appeal and "the period begins to run only from the date an order is entered granting or denying the motion." Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1324 (5th Cir. 1985); see also Fed. R. App. P. 4(a)(4)(A);[1] United States v. Ibarra, 502 U.S.

---

[1] Federal Rule of Appellate Procedure 4(a)(4)(A) reads: "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: (I) for judgment under Rule 50(b); (ii) to amend or make additional findings under Rule 52(b), whether or not granting the motion would alter the judgment; (iii) for attorney's fees under Rule 54 . . . ; (iv) to alter or amend the judgment under Rule 59; (v) for a new

1, 4 n.2 (1990) (stating that Rule 4, although commonly referred to as a tolling rule, alters the date on which the time for appeal begins to run).

Nelson appeals both the district court's December 18, 2003 order, affirming the magistrate judge's grant of the SEC's motion for clarification, and the district court's September 8 order, affirming the magistrate judge's denial of Nelson's motion for protective order.  Because the notice of appeal, filed January 14, 2004, clearly comes within 60 days of the December 18, 2003 district court order, we have jurisdiction over the appeal from that order.  However, to have jurisdiction over Nelson's appeal of the September 8 order, we must find that the October 20, 2003 motion for clarification suspended the 60-day time period for filing notice of appeal.  Because the time period for a timely notice of appeal "runs for all parties from the entry of the order disposing of the last such remaining motion," Fed. R. App. P. 4(a)(4)(A) (emphasis added), for this appeal to be timely, we need only find that the SEC's motion for clarification extended the time to appeal.

The SEC's motion for clarification is not defined by the nomenclature used by the movant.  See Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635 (9th Cir. 1989). Pursuant to Federal Rule of Civil Procedure 59(e), a party may make a motion requesting that the court alter or amend its judgment, as long as that motion is

---

trial under Rule 59; or (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

made no later than 10 days after entry of the judgment. The SEC's motion for clarification, requesting that the court more specifically define one of the protective order restrictions placed on the use of the bank account documents, is a Rule 59(e) motion. See Jernigan v. Stuchell, 304 F.3d 1030, 1031 (10th Cir. 2002). Moreover, the SEC's motion for clarification was filed three days after the district court denied Nelson's motion to reconsider and was therefore timely.

The SEC, however, cites numerous cases for the proposition that its motion for clarification cannot be considered a Rule 59(e) motion. The instant case is unlike Sweger v. Texaco, Inc., Nos. 88-1781, 88-1834, 88-2745, 1991 WL 35345, at *2 (10th Cir. Feb. 22, 1991), in which the motion in question only sought clarification of which defendants' interests were being adjudicated. In this case, the SEC called into question the correctness of the decision, specifically requesting that the court modify a restriction it deemed unworkable. Moreover, by asking the court to modify the restriction on the use of the bank documents, the SEC is requesting the court to do more than modify a clerical error under Rule 60(a). Cf. Hasbrouck, 879 F.2d at 636 (contesting the court's failure to memorialize part of the decision). Rather, the SEC requested that the court modify its order to allow the requested documents to be shown to witnesses, used as deposition exhibits, or used in court filings. Thus, the motion falls squarely within the confines of Rule 59(e) and postpones the running of the time for

appeal. Fed. R. App. P. 4(a)(4)(A)(iv).

The SEC also argues that the its motion for clarification cannot extend the time period for filing notice of appeal because only one motion can be used to toll the appeal period. However, this argument must fail for two reasons. First, we find that only one motion, namely the SEC's motion for clarification, postpones the running of the time for appeal. This determination follows directly from the language of Rule 4, which states that the time for filing notice of appeal runs from the disposal of the last applicable motion. Fed. R. App. P. 4(a)(4)(A). Second, unlike the instant case, the cases cited by the SEC involve successive motions for reconsideration. See Aybar v. Crispin-Reyes, 118 F.3d 10, 15 n.4 (1st Cir. 1997); Charles L.M. v. Northeast Indep. Sch. Dist., 884 F.2d 869, 871 (5th Cir. 1989). To be considered a successive motion for reconsideration, the second motion must be "based upon substantially the same grounds as urged in the earlier motion." Ellis v. Richardson, 471 F.2d 720, 720 (5th Cir. 1973). In this case, however, the SEC's motion for clarification, requesting the court to alter one of the restrictions placed on the use of the requested documents, is clearly not based on substantially similar grounds as Nelson's motion for reconsideration of the court's denial of his motion to quash the subpoena. Accordingly, the 60-day time period for filing notice of appeal began on December 18, 2003, the date upon which the district court affirmed the

magistrate's order granting the SEC's motion for clarification. Therefore, Nelson's notice of appeal, filed January 14, 2004, is timely.

B. Jurisdiction Over the Order Appealed

Having determined that Nelson's notice of appeal is timely, we must consider whether the orders appealed are final and appealable. In general, jurisdiction under 28 U.S.C. § 1291 "depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (citation omitted). Thus, in general, pretrial discovery orders are not final or immediately appealable, Hooker v. Cont'l Life Ins. Co., 965 F.2d 903, 904 (10th Cir. 1992), and the district court's grant of a motion to compel testimony is not an appealable order. In re Grand Jury Proceedings (Company X), 857 F.2d 710, 711 (10th Cir. 1988).

The SEC correctly asserts that courts "have recognized an exception to the nonfinality of discovery orders where a district court, other than the district court before which the main action is pending, issues an order denying discovery against a nonparty," Hooker, 965 F.2d at 904, and this exception has not been expanded to situations where an ancillary district court enters an order against a nonparty compelling discovery. Id. at 904 n.1 (citing FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir. 1985)). While Nelson claims that the

motion to compel discovery is an appealable collateral order under <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541 (1949), this "circuit has repeatedly held that discovery orders are not appealable under the <u>Cohen</u> doctrine." <u>Boughton v. Cotter Corp.</u>, 10 F.3d 746, 749 (10th Cir. 1993) (citing cases).

Nevertheless, "[t]he Supreme Court has held that there exist marginal cases falling within a 'twilight zone' of finality; whether orders emanating from this zone are appealable must be determined by balancing the 'inconvenience and costs of piecemeal review' against 'the danger of denying justice by delay.'" <u>Premium Serv. Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225, 227 (9th Cir. 1975) (quoting <u>Gillespie v. U.S. Steel Corp.</u>, 379 U.S. 148, 152-53 (1964)); <u>see also</u> <u>Arthur Anderson & Co. v. Finesilver</u>, 546 F.2d 338, 342 (10th Cir. 1976).

As <u>Hooker</u> makes clear, there is no per se rule prohibiting interlocutory review of a district court's order compelling discovery. Rather, "[t]he key question . . . in determining whether a discovery decision, entered by another district court in an ancillary proceeding involving a nonparty, is final and immediately appealable, is whether the appealing party has any means, other than an immediate appeal, to obtain appellate review." <u>Hooker</u>, 965 F.2d at 905; <u>see also</u> <u>Premium Serv. Corp.</u>, 511 F.2d at 228 ("If the district court has said its last word on an issue, and if its decision is of a nature that it will not be subject to review on appeal from the final judgment of the main proceeding, then the courts

will not suppose Congress to have precluded immediate appeal of that decision.").

This case involves exceptional circumstances. As the SEC concedes, because Wells Fargo Bank, rather than Nelson, has control of the requested documents, Nelson is without power to ignore the subpoena and appeal from the ensuing contempt citation. Aplee. Stmnt. Opposing Jurisdiction at 10. If Nelson had this option, we would lack jurisdiction to review the order denying the motion to quash. United States v. Ryan, 402 U.S. 530, 531 (1971). Alternatively, if the court denying Nelson's motion were the same one in which the main action was being litigated, the order compelling discovery would lack finality. See Alexander v. United States, 201 U.S. 117, 122 (1906); Hooker, 965 F.2d at 904. In this case, because the only feasible manner in which Nelson may challenge the district court's discovery order is through direct appeal, we have jurisdiction. See Premium Serv. Corp., 511 F.2d at 228-29.

C. Nelson's Standing to Move for Protective Order

On appeal, Nelson argues that the district court erred in failing to grant a Rule 26(c) protective order limiting the SEC's ability to contact his clients. The SEC argues that Nelson, who is neither a party to the underlying proceeding nor the person from whom discovery is sought, lacks standing to move for a protective order. Of course, standing may be raised at any time in a judicial proceeding. Bd. of County Comm'rs v. W.H.I., Inc., 992 F.2d 1061, 1063 (10th

Cir. 1993).

Unlike Rule 45, Federal Rule of Civil Procedure 26(c) expressly limits who may move for a protective order to parties or the person from whom discovery is sought. Our precedent clearly states that "the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose." United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) (citing Pub. Citizen v. Ligget Group, Inc., 858 F.2d 775, 783 (1st Cir. 1988)). Because Nelson could have attempted to intervene in the SEC enforcement action, see, e.g., SEC v. Forex Asset Mgmt. L.L.C., 242 F.3d 325, 328-29 (5th Cir. 2001); SEC v. Flight Transp. Corp., 699 F.2d 943, 949-50 (8th Cir. 1983), we see no reason to distinguish our precedent, in which a nonparty sought to challenge a protective order, from Nelson's attempt to move for a protective order. See, e.g., SEC v. Tucker, 130 F.R.D. 461, 462 (S.D. Fla. 1990) (holding that third party may not move for Rule 26(c) protective order when movant is not a party to the underlying action, has not intervened, and is not the party from whom discovery is sought); In re Yassai, 225 B.R. 478, 484 (Bankr. C.D. Cal. 1998) (same). In short, because Nelson has not been subpoenaed, is not a party to the underlying action, and has not moved to intervene, he lacks standing to move for a protective

order under the clear language of Rule 26(c).[2]

II.  Nelson's Rule 45 Arguments

On appeal, Nelson argues that the district court erred in denying his motion to quash, but the discussion of this issue in his opening brief ambiguously references both Rules 26 and 45.  Aplt. Br. at 11-17.  An appellant's failure to address an issue in an opening brief will result in that claim's abandonment. Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994).  Nevertheless, to the extent that Nelson relies upon Rule 45 in his opening brief, we affirm the district court's denial of his motion to quash.

We review the district court orders appealed from for an abuse of discretion.  Minshall v. McGraw Hill Broad. Co., Inc., 323 F.3d 1273, 1287 (10th Cir. 2003) (motion to alter or amend judgment); Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir. 1990) (motion to quash subpoena); United States v. Barboa, 777 F.2d 1420, 1422 n.2 (10th Cir. 1985) (motion for evidentiary hearing).  Under the

---

[2] Even assuming arguendo that Nelson had standing to seek a protective order, his motion was properly denied because he has failed to demonstrate "good cause."  Conclusory or stereotypical assertions are insufficient to show good cause, see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981), and Nelson failed to show particular and specific injury to his business, asserting only that clients would stop doing business with him if contacted by the SEC.  Moreover, we would find that the importance to the SEC of the information requested outweighs the conjectural business loss to Nelson.  Simply, the SEC needs the requested documents to identify possible fraud victims and perpetrators, and barring the SEC from contacting Nelson's clients would impede the SEC's enforcement efforts.

abuse of discretion standard, we will only set aside a district court decision where we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Cummings v. Gen. Motors Corp., 365 F.3d 944, 953 (10th Cir. 2004) (internal quotations and citations omitted). "Such an abuse will occur only when the judge renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Id. (internal quotations and citations omitted).

On appeal of the district court's September 8 order, Nelson argues that the court should have quashed the subpoena as overly broad. As narrowed by the magistrate judge, the subpoena requested documents for all trust account transactions over $1,000 from April 1, 1998 to the present. Nelson argues that both the subject matter and the time period are overly broad.

We hold that the district court did not abuse its discretion in denying Nelson's motion to quash the subpoena because of overbreadth. First, the evidence establishes a connection between the subpoenaed records and Vavasseur. Nelson argues that Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996), in which the court quashed a subpoena requesting every document filed by Merrill Lynch anywhere in the United States for the last ten years related to any aspect of Brunswick's business, is controlling. Unlike the instant case, Concord Boat involved a request for innumerable documents with no

direct relationship to the particular division of Brunswick's business at issue. Although it is likely that not every document requested by the subpoena will be related to Vavasseur, the information sought from Nelson's trust account is reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26(b)(1). See Exchange Point L.L.C. v. SEC, 100 F. Supp. 2d 172, 177 (S.D.N.Y. 1999) (stating that SEC need not name with particularity the accounts sought "because this would require precisely the sort of information that the SEC hopes to glean from its Subpoena"). In other words, because the subpoena seeks to identify persons, at this time unknown to the SEC but associated with Vavasseur, by tracking related funds which passed through Nelson's bank account, the relevancy of the documents requested is apparent on the face of the subpoena.

Nelson also argues that the open-ended time frame of the documents sought renders the subpoena overbroad. However, the subpoena in the instant case only requests documents related to deposits made after Nelson's involvement with Vavasseur. Since it is unclear when Nelson's involvement with Vavasseur ended, the open-ended nature of the subpoena is not fatal since the SEC may reasonably want to verify that no other transactions related to the alleged frauds perpetrated by Vavasseur took place. Therefore, the district court did not abuse its discretion in finding that the subpoena was not overbroad because of the dates

requested. See, e.g., Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 423 (S.D.N.Y. 1998) (finding subpoena overbroad because it requested documents prior to the entrance of defendant into plaintiff's product market). Further, because the subpoena specifies a minimum threshold of $1,000, many of the transactions that may be unrelated to the investigation are thereby eliminated. Exchange Point, 100 F. Supp. 2d at 176. Thus, Concord Boat and similar cases are inapposite because the subpoena in this case has been properly limited in scope.

Nelson next argues that the district court abused its discretion in not granting Nelson an evidentiary hearing. Specifically, Nelson argues that an evidentiary hearing was necessary to enable him to testify "as to the harm his practice would suffer if the SEC were allowed to contact clients that had nothing to do with the Vavasseur Program," Aplt. Br. at 18, which would entitle him to a protective order. However, because Nelson lacks standing to move for a protective order, as discussed above, the district court did not abuse its discretion in denying an evidentiary hearing.

Finally, Nelson appeals the district court's December 18 order, arguing that the court erred in granting the SEC's motion for clarification. In ruling upon the motion, the magistrate judge's order, which was affirmed by the district court, stated that the restriction on the use of records obtained from the bank prevented

the SEC from showing such documents to witnesses, using them as deposition exhibits, or including them in court filings. The court determined that although some limitations on use were necessary, the previous, stricter limitations were unintended and clarified them accordingly. After reviewing the magistrate judge's order, we conclude that the district court did not abuse its discretion in allowing certain limited uses of the subpoenaed documents.

                                      Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge